Jaimee UNDERWOOD, Plaintiff,

v.

James FITZGERALD, et al., Defendants.

Jesse James Dedman, et al., Plaintiffs,

v.

Continental Express, Inc.,
et al., Defendants.

Nos. 3:04–0680, 3:04–0764.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 10, 2005.

2. Of course, the plaintiffs and their attorney could draw up a formal joint agreement and provide other means of waiver.

Larry G. Hayes, Jr., Jackson, Kweller, McKinney, Warden & Hayes, Aubrey B. Harwell, III, Neal & Harwell, Philip Norman Elbert, Neal & Harwell, Nashville, TN, for Jaimee Underwood, Jesse Dedman, Plaintiffs.

R. Clay Porter, Dennis, Corry, Porter & Smith, LLP, Atlanta, GA, William N. Bates, Farrar & Bates, Nashville, TN, Elenore Cotter Klingler, Dennis, Corry, Porter & Smith, LLP, Atlanta, GA, James R. Farrar, Farrar & Bates, Keith F. Blue, Farrar & Bates, Nashville, TN, Bruce E. Munson, Huckabay, Munson, Rowlett & Moore PA, Little Rock, AR, Donald Presley Paul, Miller & Martin, LLP, G. Brian Jackson, Miller & Martin, LLP, Nashville, TN, for James Fitzgerald, Continental Express, Inc., Defendants.

### ORDER

BROWN, United States Magistrate Judge.

The defendants Fitzgerald and Continental Express have requested permission to file a reply brief in this matter (Docket Entry No. 122.) This motion is **GRANTED** and the requested documents may be filed.

Presently pending before the Magistrate Judge is Docket Entry No. 110, the defendants Fitzgerald and Continental Express's motion for a Rule 35 examination of the plaintiff Underwood by Drs. Montgomery and Walker. The plaintiff has objected to this examination unless (1) their expert, Dr. Kenner, is allowed to attend the examination as an observer; (2) they are advised in advance of the various tests and protocols that will be involved in the matter; and (3) the examination be audio or video taped. The motion (Docket Entry No. 110) is **GRANTED** in part and **DENIED** in part.

The parties all conceded that there is no controlling Sixth Circuit law on this issue. Statutory and case law in other jurisdictions and states is, to put it politely, all over the ballpark.

The Magistrate Judge has considered the briefs of the parties, as well as their excellent oral arguments in this matter on August 8, 2005. It is the opinion of the Magistrate Judge that a Rule 35 examination is proper and that the individuals selected to carry out the examination are duly qualified. While the Magistrate Judge appreciates the concerns expressed by the plaintiff in this matter, the Magistrate Judge does not believe that the plaintiffs' are entitled to have their expert present as an observed in the matter and to be given the protocol and questions in advance. The defendants have pointed out that due to the nature of this type examination, the protocol and questions involved are often not determined until the examination is underway. They also point out that having an individual know the particular protocols or examinations to be used can skew the results.

The Magistrate Judge believes that the presence of an observer at an examination of this nature could distort the results. The presence of an observer who is in this case already known to the plaintiff, inasmuch as he has conducted examinations of her, could skew the result. Although it was stated that Dr. Kenner would have no speaking part in the matter and would simply be an observer, his mere presence and body language could unintentionally send signals or distract the plaintiff during the course of the examination.

Likewise, the Magistrate Judge believes that the disclosure of the particular tests to be used in advance, or even to take a break during the course of the examination to discuss the test to be given would likewise be counter productive.

■ Finally, the Magistrate Judge believes that video taping would be distracting, given the nature of this particular examination. However, the Magistrate Judge does believe that the plaintiff has a point that an audio taping of the proceedings would not be unduly intrusive. A recording device is unobtrusive, quiet, and in the Magistrate Judge's experience often forgotten after the first few minutes of a proceeding. The use of a recording device will ensure that no inappropriate questions are asked and will help all parties recall exactly what occurred at the examination.

In connection with the motion, the defendants have asked for the tape recordings of any examinations given to the plaintiff by her experts and doctors. The plaintiffs shall provide such recordings to the defendants for such witnesses as they intend to use at the actual trial itself. In addition, the plaintiffs advised that they would be willing to record any examinations that their experts conduct in the future of the plaintiffs for trial in this matter.

Accordingly, all further examinations conducted for evidence in this matter by medical experts will be recorded, unless the parties agree otherwise.

It is so **ORDERED.**